UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SANDRA ROYALTY, | ) |
| Plaintiff, | ) Case No. 5:23-cv-00179-GFVT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) **&** |
| | ) **ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Sandra Royalty seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's ("Commissioner") administrative decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons stated below, the Court will **DENY** Royalty's Motion for Summary Judgment [R. 10] and **GRANT** that of the Commissioner [R. 12].

**I**

Ms. Royalty filed her application for benefits on April 15, 2021. [R. 10-1 at 1.] Her application was denied initially and upon reconsideration. *Id*. Royalty then submitted a written request for a hearing. *Id*. Administrative Law Judge ("ALJ") Jonathan Stanley conducted a hearing on April 28, 2022. *Id*.

Ms. Royalty alleges disability due to a number of impairments. [*See* R. 10-1 at 1-2.] She suffers from degenerative disc disease of the lumbar spine with radiculopathy and lumbago, sacroiliitis, right hip trochanteric bursitis, seizure disorder, obstructive sleep apnea, mild restrictive lung disease or asthma, obesity, major depressive disorder, borderline intellectual

functioning, and a mild neurocognitive disorder, along with thirty-four non-severe impairments. *See id.*

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520.[1] First, if a claimant is performing a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work, and if a claimant's impairments do not prevent her from doing past relevant work, she is not "disabled." 20 C.F.R. § 404.1520(e). The plaintiff has the ultimate burden of proving compliance with the first four steps. *Kyle v. Comm'r Of Soc. Sec.*,

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

609 F.3d 847, 855 (6th Cir. 2010). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, she is "disabled." 20 C.F.R. § 404.1520(f).

In this case, the ALJ issued his written decision on June 24, 2022. [R. 10-1 at 1.] At Step 1, the ALJ found that Royalty has not engaged in substantial gainful activity since the application date. [R. 7 at 29.] At Step 2, the ALJ found that Royalty had the following severe impairments: "degenerative disc disease of the lumbar spine with radiculopathy and lumbago; sacroiliitis, after a right sacroiliac joint stabilization; right hip trochanteric bursitis; seizure disorder; obstructive sleep apnea; mild restrictive lung disease or asthma by report; obesity; major depressive disorder; borderline intellectual functioning; and a mild neurocognitive disorder." *Id*. At Step 3, the ALJ concluded that Royalty did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, and 416.926)," so his analysis continued to the next step. *Id*. at 18. At Step 4, the ALJ concluded that Royalty has an RFC to "perform light work" subject to certain non-exertional limitations. *Id.* at 43. Those limitations are:

> [The claimant] can occasionally climb stairs and ramps, but she cannot climb ropes, ladders and scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. She cannot operate commercial vehicles, and she must avoid concentrated exposure to temperature extremes, humidity, wetness, pulmonary irritants, and vibration. The claimant cannot work at unprotected heights or around hazards such as heavy equipment or moving mechanical parts. She can understand, remember, and carry out simple instructions. The claimant can use judgement to make simple work-related decisions. She can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision. The claimant can manage and tolerate occasional changes in a routine work setting; she can adapt to the pressures of simple routine work; and she can interact occasionally with the public.

3

*Id.* Finally, at Step 5, the ALJ found that after "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 62. As a result, he concluded that Ms. Royalty was not disabled. *Id.* at 64. The Appeals Council found no reason for review. *Id.* at 7. Royalty now seeks judicial review in this Court.

## II

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the

4

reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### A

Royalty first argues that ALJ did not afford appropriate weight to medical opinions in assigning the RCF. Royalty attended two consultative examinations. [R. 10-1 at 4.] Dr. Fishkoff, the consultative examiner, concluded as follows:

> [Royalty's] ability to tolerate frustration, conform to social standards as well as maintain employment is severely impaired. Her ability to understand, retain, and follow instructions as would be required over an eight-hour workday is severely impaired. Her ability to sustain attention to perform simple and repetitive tasks is moderately to severely impaired. A history of interpersonal conflicts was denied. Lastly, she does not appear to be capable of tolerating the stress and pressures associated with day-to-day work activity.

[R. 7 at 124.] Specifically, Royalty argued that the ALJ incorrectly deemed Dr. Fishkoff's opinion to be unpersuasive. [R. 10-1 at 8.] The ALJ summarized Dr. Fishkoff's opinion as follows:

> Her opinion was not completely consistent with the evidence from all other sources. Regarding the claimant's ability to understand, retain, and follow instructions, the evidence is that the claimant's intelligence has not recently deteriorated; it was what it had always been. . . . The fact that the claimant remained employed full-time for 13 years, even with her intellectual limitation, and that she can and does drive a car, and is licensed by the State to do so, are not consistent with Dr. Fishkoff's opinion that the claimant had a severe limitation in her ability to understand, retain, and follow instructions.

[R. 7 at 56.] Under 20 C.F.R. § 404.1527(d)(2), a medical source's opinion on the issues of the nature and severity of a claimant's impairments is given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not

5

inconsistent with other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

The ALJ explained that the opinion is not well supported because it is inconsistent with the other evidence. Some examples include that Royalty has "remained employed full-time for 13 years" and "she can and does drive a car." *Id.* at 57. Further, the ALJ deemed the state agency determinations, which rejected Royalty's severe limitations, to be more persuasive. *Id.* One determination described Royalty's limitations to be "moderate." *Id.* His initial determination concluded from a mental residual functional capacity assessment, found as follows:

> [T]he claimant was able to understand and remember simple instructions and procedures requiring short initial learning periods of usually 30 days or less. He stated that she was able to sustain attention, concentration, consistent effort, and adequate pace for simple tasks requiring little independent judgment and involving minimal variation.

*Id.*

Ultimately, the ALJ's explanation is sufficiently detailed to enable Royalty to understand why Dr. Fishkoff's medical opinion was granted little weight. *Wilson,* 378 F.3d at 544; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464 (6th Cir. 2005); *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006). And the state agency determinations support the finding that Royalty was capable of light work. This Court's role is not to resolve the alleged conflict in the evidence, but to determine if substantial evidence supports the ALJ's decision. *Ulman*, 693 F.3d at 713. Though there may have been evidence to the contrary, the state agency determinations provide substantial evidence that Royalty does not require severe limitations, precluding this Court from reversing the ALJ. *Id.*

**B**

Royalty next argues that the ALJ failed to consider the impact of all of Royalty's combined impairments. "In reaching a determination as to disability, the ALJ is to consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992). Royalty has pointed to no evidence in the record suggesting that the ALJ did not consider her impairments both separately and in combination in making his disability determination. Further, the ALJ acknowledged his duty to determine whether Royalty has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." [R. 7 at 27.] The ALJ also determined that Royalty "does not have an impairment or combination of impairments that meets" the requirements of the listed impairments. *Id.* Lastly, the ALJ's decision itself demonstrates that he considered all of Royalty's impairments. Accordingly, the Court has no basis to find that the ALJ's decision is lacking in substantial evidence for failure to consider the combined or cumulative effect of Royalty's impairments.

**C**

Lastly, Royalty argues that the ALJ discredited her testimony and statements regarding the intensity, persistence, and limiting effects of her severe impairments. [R. 10-1 at 11.] ALJs cannot reject a claimant's "statements about the intensity and persistence of [her] pain or other symptoms . . . solely because the available objective medical evidence does not substantiate [her] statements." 20 C.F.R. § 404.1529(c)(2); *accord Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). Other than medical evidence, ALJs should consider: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of her pain; (3) precipitating and aggravating

7

factors; (4) the type, dosage, effectiveness, and side effects of any medication she takes to alleviate her pain; (5) treatment other than medication; (6) any measures she uses to relieve her pain; and (7) other factors concerning her functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529(c)(2)(i)–(vii); *Felisky*, 35 F.3d at 1039. The regulations also permit ALJs to consider "observations by our employees and other persons." 20 C.F.R. § 404.159(c)(3). ALJs do not have to include "a factor-by-factor discussion" of these considerations in their opinions. *Storey v. Comm'r of Soc. Sec.*, No. 98-1628, 1999 U.S. App. LEXIS 8357, at *9 (6th Cir. Apr. 27, 1999).

Moreover, ALJs can make credibility determinations based on facts from a claimant's testimony. *Id*. Reviewing courts defer to an ALJ's findings regarding the credibility of the applicant because the ALJ can observe her demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

In addition to the extensive medical evidence that conflicted with Ms. Royalty's characterization of her pain, the ALJ included two non-medical reasons to discount Ms. Royalty's testimony. First, the ALJ considered an observation by a consultive examiner that Ms. Royalty walked with an "antalgic but straight gait, but she had full grip strength, no neck tenderness or limitation of motion, preserved sensation, no evidence of atrophy, and negative straight leg raising tests." [R. 12 at 12 (citing R. 575)]; *see* 20 C.F.R. § 404.1529(c)(3) (permitting consideration of "observations by our employees and other persons"). Second, on another occasion, Ms. Royalty walked with a normal stride with no ataxia, and she had normal strength, reflexes, and sensation. [R. 12 at 12 (citing R. 7 at 682).] The ALJ did not rely only on

8

the objective medical evidence to find that Ms. Royalty's account of her pain lacked credibility. *C.f. Felisky*, 35 F.3d at 1039 (ALJ *only* considered the medical record). Instead, the ALJ properly exercised his discretion to discount Ms. Royalty's credibility. The record reflects substantial evidence in support of the RFC developed by the ALJ.

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding Royalty is not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Royalty' Motion for Summary Judgment **[R. 10]** is **DENIED**; and

2. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This the 27th day of December, 2023.

Gregory F. Van Tatenhove
United States District Judge